[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-12512
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00282-SPC-MRM

JOSEPH DENNIS GILBERTI, JR.,
P.E., an individual and licensed professional engineer,

Plaintiff-Appellant,

versus

GOVERNOR OF THE STATE OF FLORIDA,
THE MOSAIC COMPANY,
MOSAIC FERTILIZER, LLC,
ENVIRONMENTAL PROTECTION AGENCY,
SARASOTA COUNTY BOARD OF COUNTY COMMISSIONERS,
DESOTO COUNTY BOARD OF COUNTY COMMISSIONERS,
HILLSBOROUGH COUNTY STATE ATTORNEYS OFFICE,
SARASOTA MEMORIAL HOSPITAL,
PEACE RIVER MANASOTA WATER SUPPLY AUTHORITY,
SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT,
72 PARTNERS, LLC,
LUIS E. RIVERA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 19, 2020)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Joseph D. Gilberti, Jr., proceeding pro se, appeals the district court's

dismissal of his complaint for lack of subject matter jurisdiction. The appellees

jointly move this Court for summary affirmance of the district court's order,

arguing the court did not err in dismissing Gilberti's complaint. Appellees also

argue that the district court did not err in denying Gilberti's subsequent motion to

vacate the district court's order and judgment. We grant their motion for summary

affirmance of the district court's order.

## I.

Summary disposition is appropriate where "the position of one of the

parties is clearly right as a matter of law so that there can be no substantial

question as to the outcome of the case, or where, as is more frequently the case, the

appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th

Cir. 1969).[1] We review <u>de novo</u> a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006). We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below. <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam).

## II.

This Court has recognized that "jurisdiction is not defeated by the possibility that the averments [in a complaint] might fail to state a cause of action on which [the plaintiff] could actually recover," because it is "well settled that the failure to state a proper cause of action on which relief can be granted is a question of law" that must be decided after—and not before—the court has assumed jurisdiction over the controversy. <u>Barnett v. Bailey</u>, 956 F.2d 1036, 1040–41 (11th Cir. 1992) (alterations adopted) (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946)). However, there are two exceptions to that rule: where (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "a claim is

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. <u>Id.</u> at 1209.

wholly insubstantial and frivolous," the suit may be dismissed for lack of subject matter jurisdiction.  Bell, 327 U.S. at 682–83, 66 S. Ct. at 776.

Gilberti's claim falls within the latter exception.  Gilberti brought claims against the appellees for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.  He alleged that the appellees purposely "hid[] Critical US underground Alkaline spring water rivers . . . to increase Cancer rates, home foreclosures, land foreclosures, selective funding to developers, infrastructure projects with unsafe designs, Medicaid fraud billings, higher utility bills and medicine sales through a pattern of racketeering activity."  The theory of Gilberti's case seems to be that the appellees were killing children and hiding "endless cancer preventing cleaner drinking water resources" for their own profit, to the detriment of the public, who, he alleges, were being forced to drink polluted, cancer-causing water.  Gilberti sought, among other things, to have the district court report the appellees to the President of the United States and contact the Federal Reserve to "send $10,000,000,000" to build a pipeline "so millions of Americans and Floridians have [access to] this unique Alkaline spring water."  These allegations are "patently without merit."  Bell, 327 U.S. at 683, 66 S. Ct. at 776; see Hagans v. Lavine, 415 U.S. 528, 537–38, 94 S. Ct. 1372, 1378–79 (1974) (claims that are "essentially fictitious" and "wholly insubstantial" are

due to be dismissed for lack of subject matter jurisdiction (quotation marks omitted)).

Indeed, the allegations in this case are similar—if not identical—to those in a case this Court has already decided were wholly insubstantial. See Gilberti v. Adrurra Grp., Inc., 810 F. App'x 806, 809 (11th Cir. 2020) (per curiam) (unpublished). In Adrurra Group, a panel of this Court recognized that Gilberti "failed to establish that the appellees, all of whom are Florida entities, conspired together to keep the aquifer's existence a secret, such that a RICO claim may have been sufficiently alleged." Id. That panel pointed to Gilberti's allegations that the Adrurra Group defendants increased cancer rates, raised water bills, and encouraged the opioid epidemic, and held that Gilberti "offered no evidence or factual support for his incredulous accusations that the appellees worked together" to accomplish those goals. Id. Gilberti's complaint in the instant case fares no better.

Gilberti's argument to the contrary is not persuasive. He claims the district court had subject matter jurisdiction because the question of jurisdiction and the merits of his case are intertwined as described in Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003). See id. at 925 ("We have cautioned, however, that the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." (quotation

5

marks omitted) (alteration adopted)). Jurisdiction becomes intertwined with the merits of a cause of action "when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. at 926 (quotation marks omitted). As this Court recognized in Adrurra Group, the RICO statute does not provide the district court with a basis for subject matter jurisdiction—it provides only a basis for Gilberti's claim for relief. Adrurra Grp., Inc., 810 F. App'x  at 809; see 18 U.S.C. §§ 1962, 1964(a).[2]

Gilberti also argues the district court should have allowed the parties to conduct discovery, which would have allowed the court to conclude his complaint stated a claim. But a district court has broad discretion over discovery. And where the facts alleged by Gilberti called the jurisdiction of the court into question, the court did not err by first determining whether it had subject matter jurisdiction. See Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota, 859 F.3d 1337, 1340 (11th Cir. 2017). Moreover, it was Gilberti's burden to plead facts in his complaint sufficient to establish that the district court had jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10 (1938). Gilberti failed to do so.

---

[2] Section 1964(a) says that a district court "shall have jurisdiction to prevent and restrain violations of section 1962," but this is related to "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim," Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127, 134 S. Ct. 1377, 1387 (2014), not whether a court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

For these reasons, the district court correctly determined that Gilberti's

complaint warranted dismissal under Rule 12(b)(1) because his claims were

"wholly insubstantial and frivolous." Bell, 327 U.S. at 682–83, 66 S. Ct. at 776.

Therefore, because there is no substantial question that the district court correctly

dismissed Gilberti's complaint, we **GRANT** the appellees' motion for summary

affirmance.[3]  See Groendyke Transp., 406 F.2d at 1162.

---

[3] We need not address whether the district court properly denied Gilberti's motion for reconsideration because he failed to plainly and prominently raise it in his opening brief. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately brief a claim when he does not plainly and prominently raise it." (quotation marks omitted)).